SILVERMAN, Circuit Judge,
dissenting:
Contrary to what the majority says, the plaintiffs do not allege that “Siri did not work as consistently as they, expected.” In truth, they alleged that Siri did not work as advertised. In a false advertising case, that is a crucial distinction.
The plaintiffs set forth in their complaint, in great detail, the specific functions that the Apple commercials claimed that Siri will do. The plaintiffs then allege in plain English that Siri does not do those specific things. They then allege exactly what Siri does instead. That’s specific enough for me.
The essence of Apple’s attack on the sufficiency of the complaint is that plaintiffs did not plead that the commercials specifically state that Siri will work “consistently.” With all due respect, that’s baloney. The same can be said of virtually any advertisement. Does a commercial for a refrigerator specifically claim that the refrigerator will consistently keep the food cold? Does a commercial for a television specifically claim that it will consistently turn itself on and off when the power button is pushed? Does a commercial for a car specifically claim that it will consistently stop when the brakes are applied? Of course not, but a reasonable person would understand that such performance is implied, especially when the function is demonstrated in a commercial. Faced with a motion to dismiss, the plaintiffs are entitled to the benefit of the reasonable inferences that can be drawn from the detailed facts they alleged in their complaint, especially when the cause of action does not require proof of falsity, just that the claims are misleading.
*417 In this case, plaintiffs have alleged that Apple’s commercials for the iPhone 4s specifically claim — indeed, the commercials show — that the phone will perform certain specific functions, and that the iPhone 4s does not perform those specific functions as specifically advertised. It may well be that, down the road, Apple can show that an occasional Siri mistake is not unacceptable performance — i.e., that the phone reasonably performs as advertised. I express no opinion on what the evidence will show; the only issue before us now is the sufficiency of the complaint. Taking the specific allegations in the light most favorable to the plaintiffs, the motion to dismiss should have been denied.